UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUAMAINE LEE MASSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-3318 (UNA) |
| ) | |
| SCOTT S. HARRIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, brings this civil rights action against the Clerk and a Deputy Clerk of the Supreme Court of the United States.  *See* Compl. at 2-3.  According to plaintiff, defendants "literally ignored [his] petition" because of "racism."  *Id*. at 5.  Neither defendant would "fix" an unspecified defect in plaintiff's submission to the Supreme Court, and instead "returned [his] petition . . . in harsh condition."  *Id.*  Consequently, plaintiff's claim that the terms of his plea bargain have been breach goes unheard, and plaintiff remains incarcerated when, in his view, he is entitled to immediate release on parole.  *See id.* at 5-7.  He demands "[i]mmediat[e] release from NC Correctional Institution and monetary damages."  *Id.* at 8.  The Court will dismiss the complaint for three reasons.

First, this Court has no authority to determine what action, if any, must be taken by the Supreme Court and its Clerk.  *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir.) (per curiam), *cert. denied*, 506 U.S. 844 (1992).

1

Second, absolute immunity protecting judges from liability for damages for acts taken in their judicial capacities extends to Clerks of Court performing "tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *Evans v. Suter*, 260 F. App'x 726 (5th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1282 (2008). The decision to accept or reject a submission is integral to the judicial process, which renders defendants immune from plaintiff's suit for damages. *See, e.g., Jones v. U.S. Supreme Court*, No. 1:10-CV-0910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) (concluding that court clerks are immune from suits for damages arising from activities such as the "receipt and processing of a litigant's filings"), *aff'd sub nom. Jones v. Supreme Court of the United States*, 405 F. App'x 508 (D.C. Cir. 2010) (per curiam), *aff'd*, 563 U.S. 914 (2011).

Third, to the extent plaintiff demands his immediate release from custody, his remedy sounds in habeas, *see Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]") (citation omitted), a matter over which this Court lacks jurisdiction. The proper respondent in a habeas corpus action is plaintiff's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and this Court may not entertain a habeas petition involving a prisoner's present physical custody because his custodian is outside of the Court's territorial jurisdiction, *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

An Order consistent with this Memorandum Opinion is issued separately.

DATE: November 14, 2022                    /s/
                                            AMY BERMAN JACKSON
                                            United States District Judge